**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | |
| **OPPORTUNITY COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | |
| **v.** | : | |
| | : | **COMPLAINT** |
| **EAGLE PARKING, LLC,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |
| _____ | : | |

## <u>COMPLAINT</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and age, and to provide appropriate relief to Valencia Hayden ("Hayden"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Eagle Parking, LLC ("Defendant") denied an employment opportunity to Hayden due to her sex (female) and her age (60), in violation of Title VII and the ADEA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII,

42 U.S.C. § 2000e-5(f)(1) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant Eagle Parking, LLC has continuously been doing business in the State of Georgia and the City of Atlanta and has continuously had at least 20 employees.

5.    At all relevant times, Defendant Eagle Parking, LLC has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h) and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.    More than thirty days prior to the institution of this lawsuit, Valencia Hayden filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant.

7.    On April 27, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the ADEA were violated and inviting Defendant to join with the Commission in informal

methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.    On May 17, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.    Since at least January 2016, Defendant engaged in unlawful employment practices at its Atlanta, Georgia location in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a) and Section 4(a) of the ADEA, 29 U.S.C. § 623(a) of the ADEA.

11.    On January 12, 2016, Hayden applied for a position as a valet with Defendant after seeing Defendant's job advertisement listed on Craigslist.

12.    In the job description for the valet position, Defendant describes the ideal candidate as someone with excellent communication and customer service skills, the ability to drive a manual transmission, and, among other requirements, the ability to be "on your feet for extended periods of time and may be required to

4

run an average of 5-10 miles per shift."

13.    On Friday, January 15, 2016, Hayden went to Defendant's location for an interview and physical fitness test conducted by the operations manager.

14.    During Hayden's interview, the operations manager looked at her application and asked her if she had prior experience working in customer service. When Hayden responded that she had previous experience, the operations manager told Hayden that he had the "perfect" job for her in customer service because of her personality and qualifications.

15.    He continued to explain to Hayden that the customer service position would be "easier" for her than the valet position because he "believed [Hayden] would not be very successful as a valet because of the physicality of the job."  He told Hayden that the customer service parking manager position paid $11.00 per hour and notified Hayden that the orientation for the position would be conducted on Tuesday, January 19, 2016, and that he would call her in a few days with the exact location and time of the orientation.

16.    Hayden reminded the operations manager that she did not apply for the customer service position but would be willing to take the position if he was offering it to her.  Hayden left Defendant's facility believing that she had been

offered a customer service parking manager position by the operations manager. Hayden was not allowed to take the physical fitness test required for the valet position.

17.    On or about Monday, January 19, 2016, proud and excited about her new job, Hayden called Defendant's operations manager to inquire about the location and the time she needed to report for orientation the next day.

18.    However, the operations manager told Hayden that the customer service parking manager position had already been filled.  Hayden responded by asking the operations manager how the job could be filled when he had already assured her that she had the job.  He rudely responded, "Someone else qualified for the job.  If I get something else, I will let you know."

19.    Hayden informed the operations manager that had she known that the customer service parking manager position was not available, she would have stayed and completed the interview process for the valet position.

20.    Unwilling to hear anything else from Hayden, the operations manager hung up the phone.

21.    On January 15, 2016, the date that Hayden had her initial interview, Defendant hired five (5) males into the customer service parking manager position

who were younger than Hayden.

22.     Within one week after Hayden was told that the customer service parking manager position had been filled, Defendant hired several more male customer service parking managers who were all younger than Hayden.

23.     Defendant also hired seven (7) male valets on January 15, 2016, the date of Hayden's initial interview with Defendant, and none of these individuals were age 40 or older.

24.     During the months of January and February 2016, Defendant continued to hire several more male valets, none of whom were over 40 years of age.

25.     The effect of the unlawful employment practices complained of above, have been to deprive Hayden of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and age.

26.     The unlawful employment practices complained of above, were intentional.

27.      The unlawful employment practices complained of above, were carried out with malice and/or reckless indifference to the federally protected rights of Hayden.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to women and to individuals 40 years of age or older, or engaging in any employment practice that discriminates on the basis of sex and/or discriminates against individuals 40 years of age or older.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities to women and to individuals 40 years of age and older and that eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Valencia Hayden whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement.

D.     Order Defendant to make Valencia Hayden whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Valencia Hayden whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including but not limited to damages for emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Valencia Hayden liquidated and/or punitive damages for its malicious and reckless conduct as described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney


s/ Ottrell Ferrell-Edwards
Senior Trial Attorney
Georgia Bar No. 141979
U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6812
Facsimile:   (404) 562-6905

10